(124 So. 924)

## Will OWENS v. CITY OF DECATUR.
### (8 Div. 872.)

Court of Appeals of Alabama.   Nov. 5, 1929.

Almon & Almon, of Decatur, for appellant.
Tennis Tidwell, of Decatur, for appellee.

RICE, J.   Reversed and remanded.

(125 So. 925)

## Charley OWENS v. STATE.   (6 Div. 621.)

Court of Appeals of Alabama.   Dec. 10, 1929.

RICE, J.   Appeal dismissed.

(121 So. 924)

## James Oliver PADGETT v. STATE.
### (5 Div. 763.)

Court of Appeals of Alabama.   April 16, 1929.

SAMFORD, J.   Affirmed.

(128 So. 921)

## Gregory PAPPAS v. CITY OF EUFAULA.
### 4 Div. 538.

Court of Appeals of Alabama.
Dec. 17, 1929.

Rehearing Denied March 4, 1930.

McDowell & McDowell, of Eufaula, for appellant.

Chauncey Sparks, of Eufaula, for appellee.

SAMFORD, J.
Affirmed.

(128 So. 921)

## Gregory PAPPAS v. STATE.
### 4 Div. 525.

Court of Appeals of Alabama.
April 15, 1930.

Rehearing Denied May 20, 1930.

McDowell & McDowell, of Eufaula, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Upon the trial of this case in the circuit court, the evidence disclosed without dispute that this appellant was in possession of a quantity of whisky contained in three separate bottles, and at the time he was in his place of business, a café in the City of Eufaula. All of the numerous witnesses, including the accused, gave testimony to this effect. The defendant undertook to explain his possession of the whisky, and in this connection testified that a man whose name he did not know left the bottles of whisky in the café under the counter that day and when he discovered the men in the café were officers he stated, "I went to get it and do away with it."

The refusal to defendant of the affirmative charge, and the court's action in overruling the motion for a new trial, are the only points of decision presented for review. The court's rulings in this connection were so clearly free from error, no discussion of the points involved is necessary.

The evidence was ample to support the verdict of the jury, and nothing was presented on the motion for a new trial to warrant the court in setting aside the finding of the jury.

The record is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.